UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 8, 2011

William James Nicoll, Esq.
Jenkins, Block & Assocs.
1040 Park Avenue, Ste. 206
Baltimore, MD  21201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Clarence Edward Battle v. Michael J. Astrue,
Commissioner of Social Security, PWG-09-3281**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Battle's claim for Disability Insurance Benefits ("DIB"). (ECF Nos. 9, 12, 26). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Mr. Battle ("Claimant") applied for DIB on October 28, 2004, alleging that he was disabled as of May 15, 2004, due to his status post thoracic surgery, nerve and knee pain, headaches, an adjustment disorder, and a compulsive disorder. (Tr. 61, 296). His claim was denied initially, and upon reconsideration.(Tr. 30). After a hearing held on September 16, 2009, before an Administrative Law Judge, the Honorable William L. Akers, ("ALJ") Mr. Battle's claim was denied in a decision dated October 8, 2009. The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform less than a full

range of sedentary work[1] and that based on his RFC, he was not able to perform any of his past relevant work ("PRW").(Tr. 303-304). After receiving testimony from a vocational expert ("VE"), the ALJ found that work was available in the local and national economies that Claimant could perform. Accordingly, the ALJ found he was not disabled.(Tr. 294-306).

Claimant's primary argument in support of his contention that the Commissioner's final decision should be reversed or, in the alternative, remanded is that the ALJ failed to weigh properly the medical reports of Claimant's treating and examining physicians and the testimony of the Medical Examiner ("ME"). The undersigned has considered all of the arguments and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Mr. Battle first argues that the ALJ erred by failing to consider properly the opinions of his treating physician, Dr. Paden. Specifically, Dr. Paden stated that Claimant was "temporarily disabled" in 2005. For the reasons that follow, I find his arguments without merit. A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner --such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. In this case, I find that the ALJ fulfilled this duty.

Claimant was diagnosed with a thoracic spine injury stemming from a motor vehicle accident and underwent surgery in 2004. There is no question that during his initial diagnosis and treatment, Mr. Battle suffered from various symptoms of pain and problems due to his injury that Claimant suffered from. (Tr. 169, 301). However, Dr. Paden's opinions do not reflect total disability, and the ALJ noted that Dr. Paden had recommended no

---

[1] The ALJ found Mr. Battle's capacity for a full range of sedentary work was diminished by his inability to interact with the public and more than occasionally interact with co-workers. (Tr. 299).

further surgical intervention, but instead recommended only "continuing pain medication". (Tr. 301).

Claimant also argues that the ALJ improperly rejected Dr. Milton Buschmann's psychiatric evaluation. Dr. Buschmann conducted a psychiatric consultative examination on October 31, 2006. The ALJ discussed Dr. Buschmann's report at length in his decision. The ALJ rejected Dr. Buschmann's opinions that claimant had "marked" limitations in interacting with supervisors and "moderate" limitations in interacting with co-workers because they were not supported by Claimants own reported activities. I find that the ALJ adequately explained his rationale for doing so. For example, the ALJ noted that Claimant specifically told Dr. Buschmann he got along well with co-workers and supervisors. (Tr. 263, 303). When viewed in it's entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Buschmann's opinion.

Claimant also argues that the ALJ "completely ignored" Dr. Freedenberg's testimony. This argument is without merit. First, the ALJ adequately discussed Dr. Freedenberg's testimony. (Tr. 303). Second, Claimant's argument that the ALJ failed to consider Dr. Freedenberg's opinion that Claimant's multiple medications would have an effect on his functioning also is without merit. The ALJ clearly noted that the medications taken by Claimant, i.e., Lunesta and Ambien, would affect his cognitive ability. (Tr. 303)
Finally, there is no evidence in the record which supports a finding that Claimant was more limited in cognitive areas than the ALJ found. The evidence corresponds with the limitations found in the record and with Mr. Battle's RFC. In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)) See also SSR 96-9p (1996 WL 374185 **9).

Thus, for the reasons given, this Court DENIES Mr. Battle's Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

                                        Sincerely,
                                            /s/
                                        Paul W. Grimm
9/8/11                              United States Magistrate Judge